# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-415-RJC-DCK

| | |
|---|---|
| DATA DRIVEN SAFETY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| DRIVER'S HISTORY, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss" (Document No. 4). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

## I. BACKGROUND

The Complaint here alleges causes of action for: breach of contract; conversion; and unfair and deceptive trade practices. (Document No. 1-1). According to the Complaint, Data Driven Safety, Inc. ("Plaintiff"), a North Carolina corporation, and Driver's History, Inc. ("Defendant"), a New Jersey corporation, entered into a written contract on July 25, 2011, and later executed a written amendment to the contract on October 20, 2011. (Document No. 1-1, p.3). Pursuant to the parties' contract, Plaintiff was to provide Defendant with certain data from courts and law enforcement agencies in the State of Florida. Id. at 4. Defendant was also granted a limited license to provide the Florida data to its Subscribing Underwriters, to support their underwriting efforts. Id.

Plaintiff contends that Defendant improperly terminated the parties' agreement, thus committing a breach of contract, on or about May 18, 2012.  (Document No. 1-1).  Plaintiff further contends that as of June 1, 2012, Defendant had failed to pay $114,150.00 in required fees. (Document No. 1-1, p.10).  Plaintiff Data Driven Safety, Inc. filed its "Complaint" (Document No. 1-1) on June 8, 2012, in the Superior Court of Mecklenburg County, North Carolina.

On July 10, 2012, Defendant Driver's History, Inc. filed a "Notice Of Removal" (Document No. 1) with this Court.  Defendant asserted that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00."   (Document No. 1, p.2).

Defendant's "Motion To Dismiss" (and alternative Motion To Transfer) (Document No. 4) was filed on July 17, 2012.  "Plaintiff's Opposition To Defendant's Motion..." (Document No. 6) was filed August 3, 2012;  and Defendant's "Reply Memorandum In Support Of Motion..." (Document No. 8) was filed August 13, 2012.  As such, immediate review of the pending motion and a recommendation for disposition to the presiding district judge are now appropriate.

## II.  STANDARDS OF REVIEW

**A.  Federal Rule of Civil Procedure 12(b)(2)**

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant.  New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005);  Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . .  [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is

> simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. Dec. 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

Questions of jurisdiction are answered by a two-step analysis: (1) the court must determine whether the North Carolina long-arm statute confers personal jurisdiction; and (2) the court must determine whether the exercise of that statutory power will violate the due process clause of the U.S. Constitution. Gen Latex & Chem. Corp. v. Phoenix Med. Tech., 765 F.Supp. 1246, 1248-49 (W.D.N.C. 1991). The statutory inquiry merges with the constitutional inquiry, essentially becoming one. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997). Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-415 (1984).

**B. Federal Rule of Civil Procedure 12(b)(3)**

Where jurisdiction is founded on diversity of citizenship, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action. Static Control Components, Inc. v. Intersolution Ventures, Ltd., 2006 WL 2042900 at *10 (M.D.N.C. July 17, 2006) (citing Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The decision to transfer is left to the sound discretion of the trial court." Uniprop Mfd. Housing Commun. Income Fund v. Home Owners Funding Corp. Of Am., 753 F.Supp. 1315, 1322 (W.D.N.C. 1990). In determining whether to transfer a case, the plain language of the statute requires that the Court balance the convenience to the parties and witnesses, as well as the interests of justice. Id.

> In considering a motion to transfer, a court should consider, among other things, the plaintiff's initial choice of forum; the residence of the parties; the relative ease of access of proof; the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; the possibility of a view; the enforceability of a judgment, if obtained; the relative advantages and obstacles to a fair trial; other practical problems that make a trial easy, expeditious, and inexpensive; the administrative difficulties of court congestion; the interest in having localized controversies

4

settled at home; the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and the avoidance of unnecessary problems with conflict of laws.

Commercial Equipment Co., Inc. v. Barclay Furniture Co., 738 F.Supp.974, 976 (W.D.N.C. 1990).

## III.  DISCUSSION

### A.  Personal Jurisdiction

When a district court determines personal jurisdiction on the basis of briefs and the allegations in the complaint, without an evidentiary hearing, "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Consulting Engineers, Inc. v. Geometric Limited, 561 F.3d 273, 278 (4th Cir. 2009) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)); see also, Sweezy v. Specialized Bicycle Components, Inc., 3:08-CV-268-GCM, 2009 WL 382719 at *1 (W.D.N.C. Feb. 12, 2009). A federal court exercises personal jurisdiction over a defendant in the manner provided by state law. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997); Fed.R.Civ.P. 4(k)(1)(A). "When evaluating personal jurisdiction, the trial court must engage in a two-step inquiry: first, the trial court must determine whether a basis for jurisdiction exists under the North Carolina long-arm statute, and second, if so, the trial court must determine whether the assertion of personal jurisdiction over the defendant is consistent with applicable due process standards." Brown v. Ellis, 206 N.C.App. 93, 96 (2010) (quoting Cooper v. Shealy, 140 N.C.App. 729, 734 (2000)).

> The North Carolina long-arm statute provides, *inter alia*, for jurisdiction over any validly-served defendant who "is engaged in substantial activity within [North Carolina]," see N.C. Gen.Stat. § 1-75.4(1)(d), or whose act or omission gave rise to an action claiming injury to person or property in North Carolina, see N.C. Gen.Stat. § 1-75.4(3). Like those of many other states, North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause.

5

> See Century Data Systems, Inc. v. McDonald, 109 N.C.App. 425, 428 S.E.2d 190, 191 (1993). Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such "minimal contacts" with the forum state that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Christian Science Bd. Of Directors of the First Church of Christ, Scientist v Nolan, 259 F.3d 209, 215 (4th Cir. 2001); see also, Corporate Fleet Services v. West Van, Inc., 2008 WL 4949129 at *2 (W.D.N.C. Nov. 17, 2008).

Personal jurisdiction may be either general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). In this case, Plaintiff contends the Court has both specific and general jurisdiction over Defendant. (Document No. 6, pp.5-14).

**1. General Jurisdiction**

"The Fourth Circuit has described the threshold level of minimum contacts required for general jurisdiction as 'significantly higher than for specific jurisdiction' and as 'very substantial, indeed.'" Sweezy, 2009 WL 382719 at *2 (quoting EASB Group, 126 F.3d at 623-24). Here, Defendant argues that there is no basis for general jurisdiction. (Document No. 5, pp.7-8). Defendant contends that it

> has no contacts with North Carolina at all: 1) it is not registered to do business in North Carolina, 2) it has no registered agent in North Carolina, 3) it does not maintain an office in North Carolina, 4) it does not own, lease, use or possess any property in North Carolina, 5) it does not pay taxes in North Carolina, 6) it has no employees located in North Carolina, and 7) it does not advertise or solicit business in North Carolina.

6

(Document No. 5, p.8).

In opposition to Defendant's motion to dismiss, Plaintiff asserts that Defendant's "continuous and systematic" contacts with the forum support general jurisdiction. (Document No. 6, pp.12-14). Plaintiff contends that Defendant has engaged in significant and long-term business activities in North Carolina through its relationship with Plaintiff and otherwise. (Document No. 6 p.13). Plaintiff argues that Defendant advertises its products on the internet, including a specifically North Carolina-related product, in North Carolina. Id. Plaintiff also suggests that Defendant has a business relationship with an unnamed insurance company in North Carolina. Id.

The undersigned is not persuaded that Plaintiff has adequately shown that Defendant's contacts with the forum are "significantly higher than for specific jurisdiction" or sufficiently substantial to connote general jurisdiction. See Sweezy, 2009 WL 382719 at *2.

**2. Specific Jurisdiction**

Specific jurisdiction is based on the concept that a party who enjoys the privilege of conducting business in the forum state should bear the reciprocal obligation of answering to legal proceedings in that forum state. International Shoe v. Washington, 326 U.S. 310, 319 (1945). However, "to justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that 'they amount to a surrogate presence and thus render the sovereignty just.'" Consulting Engineers, 561 F.3d at 277-78 (quoting ESAB Group, 126 F.3d at 623). It is essential that a plaintiff show that a defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" New Wellington, 416 F.3d at 294 (citing Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004)). Pursuant to the foregoing, the resolution of the pending motion hinges on the significance of Defendant's contacts with North Carolina, and whether Plaintiff's claims arise out of activities directed at North Carolina.

Defendant argues that the parties' contract is not sufficient to support a claim of specific jurisdiction. (Document No. 5, pp.6-7) (quoting CEM Corp. v. Personal Chemistry AB, 192 F.Supp.2d 438, 442 (W.D.N.C. 2002) ("Rather, the contract's prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' course of dealing must evidence a 'substantial connection' between the contract and the forum in order for personal jurisdiction to properly lie.").

Defendant takes the position that the parties' contract has no connection whatsoever with North Carolina. (Document No. 5, p.7). In support of that argument, Defendant asserts that the contract concerns Florida data, extracted from Florida and sent to Defendant over a secure file transfer protocol ("FTP"), and that the contract contains a choice of law provision designating New York law, but no forum selection clause. Id. Defendant argues it has done nothing to purposefully avail itself of the privilege of conducting activities in North Carolina, and never anticipated being haled into court in North Carolina. Id.

Plaintiff subscribes to a different view. Plaintiff argues that Defendant deliberately engaged in significant and long-term business activities in North Carolina in its dealings with Plaintiff in this

matter and supports its contentions with the "Declaration Of Jason Murphy...," Plaintiff's CEO. (Document No. 6, p.6; Document No. 6-2). Plaintiff notes that the parties' contract contemplated a business relationship of at least four years, and that the services and business activities provided for by the agreement "are predominantly undertaken in and completely controlled from North Carolina." Id.

In addition, Plaintiff asserts that the parties' agreement involved substantial and continuing transactions. (Document No. 6, p.7) (citing Document No. 6-2). Plaintiff contends it transferred data to Defendant on about forty (40) separate occasions, and that if the agreement were carried out in full there would have been about 250 separate transfers of data from North Carolina to Defendant. Id. Plaintiff also asserts that the parties' relationship was substantial and continuing based on hundreds of e-mails and telephone calls, most with Plaintiff's representatives in North Carolina, and also including monthly payments sent to North Carolina. Id. Plaintiff argues that there is a strong inference in favor of specific jurisdiction where, as here, an agreement forecasts an ongoing relationship with numerous transactions. Id. (citing Cortex Surveillance Automation, Inc. v. Security Integrators and Consultants, Inc., 2006 WL 994951 (M.D.N.C. Apr. 12, 2006)); see also, WLC, LLC v. Watkins, 454 F.Supp.2d 426, 438-439 (M.D.N.C. 2006) ("The finding of an ongoing relationship, as opposed to a single transaction, weighs towards an assertion of personal jurisdiction.").

Plaintiff also asserts that it significantly changed its business model and infrastructure in North Carolina to support Defendant's requirements, and provided hundreds of hours of data collection and interpretation support to Defendant pursuant to the parties' contract, all of which was "nearly exclusively undertaken in and controlled from North Carolina." (Document No. 6, pp.9-10).

Next, Plaintiff contends that "two of Defendant's senior officers travelled to Plaintiff's office in Charlotte, North Carolina, to discuss expanding the parties' business relationship." (Document No. 6, p.8; Document No. 6-2, p.2). Plaintiff argues that a foreign defendant traveling to the forum state in furtherance of a business relationship makes a significant difference in determining specific jurisdiction. Id. (citing Cortex, 2006 WL 994951 at *4-5). Notably, Defendant's "Reply Memorandum..." declines to refute, or even address, Plaintiff's argument that Defendant's senior officers' travel to Charlotte, North Carolina was in furtherance of the parties' business relationship and is significant to a determination of specific jurisdiction. (Document No. 8).

Based on the foregoing, Plaintiff concludes that it has satisfied the three factors necessary for the exercise of personal jurisdiction: (1) Defendant purposefully availed itself of the privileges of activities in North Carolina, as evidenced by deliberate engagement in significant and long-term activities here, as well as in-person contact in the forum; (2) Plaintiff's causes of action arise out of the activities Defendant directed to North Carolina; and (3) the exercise of personal jurisdiction is constitutionally reasonable. (Document No. 6, p.12). The undersigned agrees.

The undersigned observes that

> When a court determines whether the consummation of a contract provides a sufficient basis for personal jurisdiction, the court must consider: "1) where the contract was negotiated and executed, 2) who initiated the contact, 3) the extent of the communications, both telephonic and written, between the parties, and 4) where the obligations of the parties under the contract were to be performed."

Noble Security, Inc. v. MIZ Engineering, Ltd., 611 F.Supp. 2d 513, 530 (E.D.Va. 2009). Here, the parties have not specifically addressed where the contract was negotiated and executed, or who initiated the parties' initial contact. However, the briefs do indicate that the parties engaged in extensive communications, presumably while Plaintiff was in North Carolina, and that Plaintiff's

10

obligations under the parties' contract were performed in North Carolina. Moreover, the parties' contract and course of dealing indicated that the parties anticipated a significant and long-term relationship that supports a substantial connection to North Carolina.

The undersigned finds that the issue of personal jurisdiction in this case presents a relatively close call; but after construing all relevant pleading allegations in the light most favorable to Plaintiff, assuming credibility, and drawing the most favorable inferences for the existence of jurisdiction, the undersigned agrees that the Court's exercise of personal jurisdiction over this Defendant is appropriate. See Combs, 886 F.2d at 676. Therefore, the undersigned will respectfully recommend that the motion to dismiss be denied, without prejudice to Defendant re-filing a similar motion at a later date if discovery reveals additional or different facts that might affect the Court's determination.

**B. Venue**

In the alternative, Defendant contends that this case should be transferred to New Jersey pursuant to 28 U.S.C. § 1404(a), because New Jersey is the most convenient forum. (Document No. 5, pp.8-10). Questions regarding transfer under § 1404(a) are within the district court's discretion and "a court need not have personal jurisdiction over a defendant to transfer a case pursuant to § 1404(a)." Boyd v. Koch Foods, 2011 2413844 at *2 (E.D.N.C. June 10, 2011).

> Courts consider numerous factors in determining whether transfer is appropriate. These factors include the convenience of the witnesses, where the events occurred that gave rise to the action, the residences of the parties, plaintiff's initial choice of forum, the availability of compulsory process, and the law which will govern the dispute. . . . Plaintiff's choice of forum is ordinarily accorded considerable weight, but that weight is lessened when the conduct giving rise to the complaint did not occur in the forum.

Id. (internal citations omitted).

The undersigned respectfully disagrees with Defendant's conclusion that the relevant factors weigh in favor of transfer to New Jersey. (Document No. 5, p.8). Certainly, it would be more convenient for Defendant to litigate this matter in New Jersey; however, when weighing the availability of witnesses and evidence, the residences of the parties, and other considerations, the undersigned finds that the relevant factors are either neutral or favor the forum chosen by Plaintiff – North Carolina.

Defendant acknowledges that a plaintiff's choice of forum is typically given considerable weight. (Document No. 5, p.9). As such, the undersigned does not find that the balance of factors in this case strongly favor Defendant, and therefore, Plaintiff's choice of forum should not be disturbed. See Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984) (quoting Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1946) ("a district court is required to weigh the factors involved and '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'").

The undersigned further notes that in this case the parties' contract does not include a forum selection clause, but identifies New York law as governing. (Document No. 5-1). As such, this Court should be just as capable at applying New York law as the United States District Court in New Jersey. In short, the undersigned does not find that the convenience of the parties and the interests of justice require the transfer of this action to New Jersey. The undersigned will recommend that the Court, in its discretion, deny Defendant's alternative request for transfer.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion To Dismiss" (Document No. 4) be **DENIED WITHOUT PREJUDICE**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 8, 2012

David C. Keesler
United States Magistrate Judge