UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

FILE NO. 3:12-CV-415

| | |
|---|---|
| DATA DRIVEN SAFETY, INC.,<br><br>                   Plaintiff,<br>v.<br><br>DRIVER'S HISTORY, INC.,<br><br>                   Defendant. | **MEMORANDUM IN SUPPORT OF PLAINTIFF DATA DRIVEN SAFETY, INC.'S MOTION TO STRIKE ANSWER AND COUNTERCLIAM OR, IN THE ALTERNATIVE, MOTION TO DISMISS COUNTERCLAIM** |

NOW COMES Plaintiff Data Driven Safety, Inc. ("DDS" or "Plaintiff"), by and through its undersigned counsel, and files this Memorandum in support of its Motion to Strike the Answer and Counterclaim, or, in the alternative, Motion to Dismiss the Counterclaim filed by third-party Driver's History Information Sales, LLC ("DHIS").

### INTRODUCTION

This action arises out of a written contract between Plaintiff DDS and Defendant Driver's History, Inc. ("Defendant" or "DHI"). On July 25, 2011, Plaintiff DDS and Defendant DHI entered into a contract titled "Public Record Data Subscription Agreement" (the "Agreement"). (Compl. ¶¶ 10, 13; *see also* Ex. A to Counterclaim). The Agreement was to remain in full force and effect for a minimum term of four years. (Compl. ¶ 19). As of May 1, 2012, Defendant had failed to pay approximately $71,650.00 in fees required by the Agreement. (Compl. ¶ 44). On May 18, 2012, Defendant DHI unjustifiably and without cause sought to terminate the Agreement in breach of its express terms. (Compl. ¶ 43). Defendant DHI was and remains obligated to make forty-eight (48) consecutive monthly payments under the terms of the

Agreement at a base rate of $40,000.00 per month (to increase under certain circumstances). (*See* Ex. A to Counterclaim, p. 11).

Plaintiff DDS filed its Complaint against Defendant DHI in the Superior Court for Mecklenburg County, North Carolina on June 8, 2012, asserting claims for breach of contract, conversion, and unfair and deceptive trade practices pursuant to N.C. Gen. Stat 75-1.1 *et seq.* On the same day, the Deputy Clerk of Superior Court for Mecklenburg County issued a summons to Defendant DHI. On June 11, 2012, Defendant DHI was served with Summons and Complaint.

On July 10, 2012, third-party DHIS filed a Notice of Removal, asserting that it was "incorrectly named as Driver's History, Inc." (Docket # 1) On July 17, 2012, third-party DHIS filed a Motion to Dismiss for Lack of Personal Jurisdiction together with a Memorandum in Support. (Docket ## 4, 5). The Motion to Dismiss was supported by the Affidavit of Stephen Esposito, who asserted that third-party DHIS is the "successor" to Defendant DHI. (Docket # 5-1). The Affidavit was unsupported by documentary proof and was not notarized. On December 7, 2012, the Court denied the Motion to Dismiss. (Docket # 10). On December 21, 2012, third-party DHIS filed an Answer to the Complaint with a Counterclaim against Plaintiff DDS.

As of January 9, 2013, the State of New Jersey Department of the Treasury, Division of Revenue and Enterprise Services shows that Defendant DHI and third-party DHIS are separate and active business entities registered in the State of New Jersey. *See* **Exhibit 1** (January 9, 2013 Status Report for Driver's History Inc.); **Exhibit 2** (January 9, 2013 Status Report for Drivers History Information Sales LLC).[1]

---

[1] Counsel for Plaintiff DDS and counsel for third-party DHIS have been communicating regarding the exact relationship between third-party DHIS and Defendant DHI. Despite the exchange of numerous emails and the provision of a "Contribution, Assignment and Assumption Agreement," Plaintiff has not been able to explain how the obligations under Agreement have been assigned to third-party DHIS.

## MOTION TO STRIKE ANSWER AND COUNTERCLAIM

### Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(f), on motion of a party or on its own initiative, the Court may strike a pleading which is redundant, immaterial, impertinent, or scandalous. The Court has broad discretion in ruling on such motions. *See Norkunas v. Miran Hospitality*, No. 3:09-434, 2010 U.S. Dist. LEXIS 9643, 2010 WL 271744, at *1 (W.D.N.C. Jan. 14, 2010).

### Argument

Third-party DHIS is not currently a party to this litigation.[2] Although it purports to appear on behalf of Defendant DHI, as noted above, DHIS is a legally separate entity from Defendant DHI – which is the only named defendant in this action and the only entity to whom summons was issued. As of January 9, 2013, the two entities are both separate, active entities registered with the State of New Jersey. *See* **Exhibits 1, 2.**

The Answer and Counterclaim filed by third-party DHIS must be stricken for the simple reason that DHIS is not a party to this litigation. DHIS, therefore, lacks standing to file its Answer and Counterclaim. Third-party DHIS is offers no legal authority in support of its attempt to appear in place of the properly-named Defendant DHI, and Plaintiff DDS is aware of no such authority. Moreover, an un-notarized Affidavit of an out-of-state affiant stating that DHIS is somehow "the successor" to Defendant DDS is insufficient and belied by publicly available documents showing that Defendant DDS is an ongoing legal entity.

---

[2] Plaintiff expressly reserves the right to name third-party DHIS as a defendant in the event that discovery reveals that the entity has been party to a fraudulent conveyance from Defendant DDS or should properly be a party to the litigation.

In addition, third-party DHIS has not filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24. A proposed intervenor must file and serve a motion to intervene that states "the grounds for intervention and [is] accompanied by a pleading that sets out the claim or defense for which intervention is sought." F.R.C.P. 24(c); *see also Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Assoc.*, 646 F.2d 117, 120 (4th Cir. 1981) (setting forth the requirements that the moving party must show before the Court can allow intervention as a matter of right); *see also* F.R.C.P. 24(b) (permissive intervention is only proper where the motion is timely and the movant "has a claim or defense that shares with the main action a common question of law of fact"). It is elementary that an entity that is not party to ongoing litigation must file a motion to intervene prior to filing an answer or counterclaim. *See LMI Ins. Co. v. Precision Millwork Co.*, No. 2:98-CV-2-BO(1), 1998 U.S. Dist. LEXIS 15387, at *1-2 (E.D.N.C. July 28, 1998) (considering motion to intervene as party defendants under F.R.C.P. 24(a)(2) and accompanying proposed answer and counterclaim). Third-party DHIS has failed to do so.

Because third-party DHIS is not currently a party to the litigation and has not properly moved to intervene, the Court should strike the Answer and Counterclaim because it is immaterial and impertinent. F.R.C.P. 12(f).

## **MOTION TO DISMISS COUNTERCLAIM IN THE ALTERNATIVE**

In the event that the Court is not inclined to strike the Answer and Counterclaim, Plaintiff moves in the alternative to dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

### **Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must make factual allegations

4

which raise a right to relief above the speculative level, and plead enough facts to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545-47, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). However, a court need not accept legal conclusions drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments. *Id.* Moreover, "[t]hreadbare recitals of the elements of a case of action, supported by mere conclusory statements" are insufficient to survive a 12(b)(6) motion. *Ashcroft*, 129 S.Ct. at 1942.

## Argument

In the event that the Court chooses not to strike the Counterclaim of third-party DHIS, the Counterclaim is nevertheless subject to dismissal for failure to state a claim upon which relief may be granted because third-party DHIS is not a party to the Agreement, and, therefore, it lacks standing to assert the Counterclaim.

Under North Carolina law, the central elements of a breach of contract claim are "the existence of a valid contract and a breach of the terms of that contract." *Ely Research Inc. v. United Communications Group, LLC*, 312 F.Supp.2d 748, 755 (M.D.N.C. 2004). An entity that is not a party to the contract lacks standing to bring an action for breach of the contract unless the entity can demonstrate the requisite privity of contract. *See Modern Ice Equip. & Supply Co. v. Snow Park USA, LLC*, No. 3:10-CV-134, 2011 U.S. Dist. LEXIS 82564 (W.D.N.C. July 27, 2011) (citing *Brewer v. Nat'l Indem. Co.*, 363 F.3d 333, 337 (4th Cir. 2004)). The only exception in contract to the privity barrier is for actions brought by intended third-party beneficiaries to a contract. *Meyer v. McCarley*, 288 N.C. 62, 70, 215 S.E.2d 583, 588 (1975); *see also Barber v.*

5

*Woodmen of the World Life Insurance Society*, 88 N.C. App. 666, 672, 364 S.E.2d 715, 719 (1988) (granting summary judgment on breach of contract claim where asserting party was not a party to the contract or an intended third-party beneficiary). Thus, an entity that is not a party to a contract (or in privity of contract) and also not an intended third-party beneficiary to a contract may not bring a claim for breach of contract. *See RPR & Associates v. O'Brien/Atkins Assocs., P.A.*, 24 F.Supp.2d 515, 520 (M.D.N.C. 1998) (noting that "even though a plaintiff may have suffered an injury as a result of breach of contract, if he lacks the necessary privity, he lacks standing to bring an action for breach of contract").

Third-party DHIS purports to assert a claim for breach of contract against Plaintiff DDS based on Plaintiff's alleged breach of the Agreement. (Counterclaim, ¶ 24). However, Plaintiff DDS and Defendant DHI are the sole parties to the Agreement. (*See* Docket # 11-1 (identifying Data Driven Safety, Inc. and Driver's History, Inc. as the parties to the Agreement)). In fact, the face of the Agreement itself reveals that third-party DHIS is not a party to the Agreement. Therefore, in order to state a claim for breach of contract pursuant to the Agreement, third-party DHIS must allege *either* that it is in privity of contract in some respect, *or* that it is a third-party beneficiary to the Agreement. *See Modern Ice Equip.*, 2011 U.S. Dist. LEXIS 82564; *see also Meyer*, 288 N.C. at 70, 215 S.E.2d at 588. Third-party DHIS fails to allege privity of contract and also fails to allege intended third-party beneficiary status. Accordingly, third-party DHIS lacks standing to assert its claim for breach of contract. *See Modern Ice Equip. & Supply*, 2011 U.S. Dist. LEXIS 82564. For this reason, the Counterclaim fails to state a claim upon which relief may be granted, and the Counterclaim must accordingly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 17 provides additional grounds for dismissal under these circumstances. The Fourth Circuit has explained that, pursuant to Federal Rule of Civil Procedure 17, a real party in interest is one who possesses the right to enforce a claim and has a significant interest in the litigation. *Virginia Elec. and Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973). As noted, third-party DHIS does not have the right (or ability) to assert a claim for alleged breach of the Agreement and has asserted no significant interest in the litigation. Accordingly, third-party DHIS is not a real party in interest pursuant to Rule 17, and the Counterclaim must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike the Answer and Counterclaim pursuant to Federal Rule of Civil Procedure 12(f). In the alternative, Plaintiff respectfully requests that the Court dismiss the Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted, this the 11th day of February, 2013.

**MCGUIREWOODS LLP**

By: /s Lauren B. Loftis
Brian A. Kahn
N.C. Bar No. 29291
Lauren B. Loftis
N.C. Bar No. 41391
201 North Tryon Street, Suite 3000 (28202)
Post Office Box 31247
Charlotte, North Carolina 28231
Telephone: 704-343-2356
Facsimile: 704-343-2300

*Attorneys for Plaintiff Data Driven Safety, Inc.*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this 11th day of February, 2013, served the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF DATA DRIVEN SAFETY, INC.'S MOTION TO STRIKE ANSWER AND COUNTERLCIAM OR, IN THE ALTERNATIVE, MOTION TO DISMISS COUNTERCLAIM** on all parties and/or attorneys of record via the CM/ECF system as follows:

**Jason B. James**
Email: jjames@poynerspruill.com

**Karen H. Chapman**
Email: kchapman@poynerspruill.com

**Joshua B. Durham**
Email: jdurham@poynerspruill.com

ATTORNEYS FOR DEFENDANT

/s/ Lauren B. Loftis